# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BRIAN MEIKLE,**

    **Plaintiff,**

**v.**                                                                                                           **No. 17-cv-0092 SMV**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner of the Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on August 11, 2017. The Commissioner responded on October 10, 2017. [Doc. 22]. Plaintiff replied on October 18, 2017. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 19]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet his burden as the movant to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that her decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. Tr. 1283–1309.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Id.*

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on March 16, 2011.[3] Tr. 19. He alleged a disability-onset date of December 31, 2004. *Id.* His claim was denied initially and on reconsideration. *Id.* ALJ Donna Montano held a hearing on November 12, 2014, in Albuquerque, New Mexico. Tr. 19, 54–68. *Id.* Plaintiff and his attorney appeared, and the ALJ heard testimony from Plaintiff. *Id.* The ALJ held a second hearing on March 27, 2015. Tr. 19, 40–53. Plaintiff did not appear at the second hearing, but his attorney was present. *Id.* The ALJ heard testimony from a Medical Advisor, Hal Kravitz, M.D., and an impartial vocational expert ("VE"), Thomas A. Grenier. *Id.*

The ALJ issued her unfavorable decision on May 20, 2015. Tr. 31. She found that Plaintiff met the insured status requirements through December 31, 2004. Tr. 21. At step one she found that Plaintiff had not engaged in substantial gainful activity between his alleged onset date and his date last insured. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity; diabetes mellitus with neuropathy; coronary artery disease with bypass surgery in 2003; and degenerative joint disease of the lumbar spine." *Id.* She found that Plaintiff's anxiety and depression were not severe. Tr. 21–24.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 24–25. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.

---

[3] Apparently, Plaintiff also applied for supplemental security income ("SSI") on March 16, 2011. [Doc. 18] at 2–3 (citing Tr. 256). Both claims were denied initially, but on reconsideration Plaintiff was found disabled as of March 1, 2011. Accordingly, the SSI claim was approved. However, the DIB claim was denied because Plaintiff was not found disabled on or before December 31, 2004. *Id.* at 3 (citing Tr. 71). Plaintiff now appeals the denial of his DIB claim, which is the subject of this Memorandum Opinion and Order.

Tr. 25–29. The ALJ found that, through his date last insured, Plaintiff had the RFC to perform the full range of light work. Tr. 25.

At step four the ALJ found that Plaintiff was able to return to his past relevant work as a small products assembler. Tr. 29–30. Alternatively, the ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 30–31. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* Plaintiff requested review from the Appeals Council, but that request was denied on November 15, 2016. Tr. 1. Plaintiff timely filed the instant action on January 18, 2017. [Doc. 1].

## **Analysis**

The arguments and authorities presented by Plaintiff do not persuade the Court that remand is warranted. Plaintiff fails to show reversible error in the ALJ's evaluation of Dr. Bessinger's opinion. Similarly, Plaintiff fails to show that the record was not adequately developed. The Commissioner's final decision should be affirmed.

### Plaintiff fails to show reversible error in the ALJ's rejection of Dr. Bessinger's opinion.

Plaintiff fails to meet his burden as the movant to show that the ALJ erred in rejecting the opinion of his treating psychiatrist Dr. Bessinger. The ALJ rejected the opinion because:

- It was dated nearly ten years after Plaintiff's date last insured.

- Plaintiff had been seeing Dr. Bessinger for a little more than five years.

- Dr. Bessinger's evaluation did not expressly relate back to the relevant time period.

- Dr. Bessinger's evaluation did not specifically identify which records, if any, she relied on in formulating her opinion.

Tr. 23.

Plaintiff challenges these reasons in two ways. First, he correctly points out that Dr. Bessinger's report (or part of it), in fact, does expressly relate back to the relevant time period. [Doc. 18] at 11; [Doc. 23] at 2–3. The report consists of four forms. Tr. 1185–89. One form, the Medical Assessment of Ability to Do Work-Related Activities (Mental), explicitly asks the physician to "consider the patient's medical history and the chronicity of findings as <u>from 2004 to current examination</u>." Tr. 1185. The ALJ's finding that the report did not expressly relate back to the relevant time period is not supported by substantial evidence—at least as to the first form. The three other forms, however, did not expressly relate back to the relevant time period, Tr. 1187–89, as found by the ALJ.

Plaintiff argues that the remaining reasons for rejecting Dr. Bessinger's opinion evidence "differential treatment" of Dr. Bessinger's opinion versus the Medical Advisor, Dr. Kravitz. [Doc. 23] at 2. Plaintiff argues that the remaining reasons are "dubious" because the ALJ did not apply them to Dr. Kravitz's opinion. [Doc. 18] at 10, 11; [Doc. 23] at 2, 3. For example, the ALJ rejected Dr. Bessinger's opinion because it was rendered ten years after the date last insured, but she nevertheless adopted Dr. Kravitz's opinion, which was rendered eleven years after the date last insured. The ALJ rejected Dr. Bessinger's opinion even though she had treated Plaintiff for more than five years, while simultaneously adopting Dr. Kravitz's opinion even though he had never even examined Plaintiff. Finally, Plaintiff complains that the ALJ rejected Dr. Bessinger's opinion because Dr. Bessinger did not identify the records on which she relied to formulate her opinion, but the ALJ nevertheless adopted Dr. Kravitz's even though, as Plaintiff

sees it, Dr. Kravitz did not state what records he relied on in formulating his opinion. [Doc. 18] at 10–12; [Doc. 23] at 2–3. The implication is that the ALJ's reasons for rejecting Dr. Bessinger's opinion are disingenuous and, thus, illegitimate. *See id.* The Court is not persuaded.

Even if all of Plaintiff's arguments were borne out by the record, which the Court does not necessarily find,[4] they would still fall short. The Court appreciates Plaintiff's position. As he sees it, there is reversible error because "Dr. Kravitz's opinion does not meet the litmus test the ALJ set for Dr. Bessinger's opinion. Yet, The ALJ gave [Dr. Kravitz's] opinion great weight." [Doc. 23] at 3. His argument is logical. The problem is that it does not address the standard of review here. Plaintiff must show that the ALJ's findings are not supported by substantial evidence. Or, he must show that the ALJ applied an incorrect legal standard. He does neither. Simply put, Plaintiff does not supply any legal authority requiring remand under these circumstances, and the Court cannot find the authority for him.

Plaintiff fails to show reversible error in the development of the record.

Plaintiff fails to meet his burden as the movant to show that the ALJ failed to develop the record. Plaintiff argues the record was not adequately developed as to his mental limitations during the relevant time period. [Doc. 18] at 12–14; [Doc. 23] at 3–4. To support his position, Plaintiff points out that the ALJ called Dr. Kravitz, the Medical Advisor, to testify about Plaintiff's limitations during the relevant time period. [Doc. 23] at 4. In fact, the ALJ herself

---

[4] For example, Plaintiff argues that Dr. Kravitz did not "specifically state what records, if any, he relied on in formulating his opinions." [Doc. 18] at 11. However, the transcript of the hearing reflects that Dr. Kravitz had been given all the exhibits available at the time of the hearing. Tr. 43. Plaintiff appears to argue that either, one should not infer that Dr. Kravitz considered all of the records available to him, or that the inference does not matter, because Dr. Kravitz did not *say* that he relied on the records but, instead, only confirmed that he had the records available to him. [Doc. 23] at 3. Plaintiff's hair-splitting is unpersuasive. Under the circumstances here, there is no reasonable conclusion other than that Dr. Kravitz actually reviewed all of the records. Indeed, he summarized the records in his testimony. *E.g.*, Tr. 45.

7

explained at the hearing, that she had called Dr. Kravitz to testify "because of lack of evidence at the time and the aging of the case." *Id.* (quoting Tr. 49). Moreover, when Dr. Kravitz did not initially opine as to Plaintiff's mental limitations, the ALJ questioned him on the matter. (Dr. Kravitz declined because he was not trained in psychiatry.) *Id.* Plaintiff argues, therefore, that the ALJ should have called a second Medical Advisor to develop the record about his mental limitations in 2004.

In order to trigger the ALJ's duty to develop the record, Plaintiff argues that he needed establish only a "reasonably possibility" that his mental impairments were severe or disabling during the relevant time period. [Doc. 18] at 12 (citing *Wall v. Astrue*, 561 F.3d 1048, 1062–63 (10th Cir. 2009)). Plaintiff argues that he has presented sufficient evidence. Thus, it is his position that the ALJ was required to develop the record, i.e., call a Medical Advisor to testify about his mental health limitations during the relevant time period. *Id.* at 14; [Doc. 23] at 3–4.

Defendant argues that there was no failure to develop the record because the record was adequately developed. [Doc. 22] at 8–9. The Court is not persuaded by Plaintiff's arguments. The ALJ found the record adequate to make her determination. Plaintiff fails to show reversible error.

The ALJ discussed the time-relevant evidence of record such as Plaintiff's own testimony; his function report dated March 27, 2011; the January 23, 2003 note from Presbyterian Medical Services; the July 29, 2003 record from Dr. Vrushab; the January 18, 2003 report from Ms. Hager; Dr. Bessinger's January 16, 2014 opinion; and the June 16, 2003 note from Presbyterian Medical Services. Tr. 21–22. The ALJ affirmatively found that such evidence established *no more than mild* limitations in Plaintiff's activities of daily living; social functioning; and concentration, persistence, or pace. Tr. 22. She further found that Plaintiff's

8

anxiety and depression "did not cause more than minimal limitations in [his] ability to perform basic mental work activities and were therefore non-severe through [Plaintiff's date last insured]." Tr. 21 (internal quotation marks omitted). The ALJ did not find that the record was insufficient to make a determination about Plaintiff's mental functioning during the relevant time period. Rather, she found that the evidence was sufficient and that it established no more than mild limitations. *Id.*

Plaintiff cites several cases to support his position, [Doc. 18] at 12–13, but they are not persuasive here. In both *Wall* and *Hawkins*, the court presumed that the record was not adequately developed. The decisions focus on what quantum of evidence must be adduced by a plaintiff in the first instance to trigger the ALJ's duty to develop the record. *Wall*, 561 F.3d at 1063–64; *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). Neither of these cases addresses the dispute at bar, which is whether the record was already adequately developed. Neither case suggests that the record in this case was not adequately developed.

Plaintiff also cites to *Henrie* and *Washington*, [Doc. 18] at 13, but those cases are inapposite, too. Both of those cases were remanded because the record had not been adequately developed with respect to the physical and mental demands of the plaintiff's *past work*. Neither case addresses the question of whether a record is already adequately developed, which is the dispute here. *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993); *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

In addition to the fact that the ALJ called Dr. Kravitz to opine as to Plaintiff's mental limitations during the relevant time period, Plaintiff also points to the opinions of the non-examining physicians. [Doc. 18] at 14 (citing Tr. 49, 26, 81–82, 834, 840); [Doc. 23] at 4 (same). Plaintiff argues that "the State Agency medical and psychological consultants opined

9

that there was insufficient evidence to determine [Plaintiff]'s physical and mental impairments on or before December 2004." *Id.* Plaintiff is correct that non-examining physicians, Dr. Blacharsh and Dr. Walker, did agree that the record was inadequate to make a determination about Plaintiff's mental limitations during the relevant time period. Tr. 840 (Dr. Blacharsh's opinion dated September 17, 2011), 81–82 (Dr. Walker's opinion of September 26, 2012). These opinions, however, do not overwhelm the substantial evidence supporting the ALJ's finding of no more than mild symptoms. *See* Tr. 21–22. Importantly, in coming to her conclusion, much of the evidence that the ALJ relied on was submitted at the hearing level. *Compare id.* (discussing the records from 2003 and 2004, all of which are contained in Exhibit 28-F), *with* Tr. 26 (explaining that Exhibit 28-F was submitted at the hearing level). The agency doctors, therefore, did not have the benefit of reviewing it. Plaintiff's argument is unpersuasive. The arguments and authorities presented by Plaintiff fail to show that remand is warranted.

## Conclusion

Plaintiff fails to show that ALJ's findings are not supported by substantial evidence. He also fails to show that the ALJ failed to apply the correct legal standards. Accordingly, remand is not appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent**